IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DWAYNE GENTRY | ) | |
| | ) | |
| v. | ) | NO. 3:09-0854 |
| | ) | |
| STATE OF TENNESSEE, et al. | ) | |

TO: Honorable Robert L. Echols, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered September 18, 2009 (Docket Entry No. 8), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Plaintiff filed this action pro se and in forma pauperis while an inmate at the Rutherford County Adult Detention Center ("RCADC") seeking damages under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at the RCADC.

By the Order of referral, the Clerk was directed to send Plaintiff service packets for the named defendants, which Plaintiff was to complete and return to the Clerk's Office within twenty days of receipt of the Order.

The docket in the action shows that the September 18, 2009, Order and service packets were mailed to Plaintiff by certified mail and regular mail at the RCADC, which was the only address provided by Plaintiff. However, the Order and service packets were returned to the Court with notations "not at this address" and "released 8/28/2009." See Docket Entry Nos. 8 and 9. Plaintiff has not contacted the Court to alert the Court of a new address.

Plaintiff's failure to return completed service packets and failure to notify the Court of his new address upon his release from incarceration indicates that he has lost interest in prosecuting this action. Further proceedings by the Court would be futile. It is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626 (1961). Accordingly, the Court recommends that this action be dismissed under Rule 41(b) of Federal Rules of Civil Procedure. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED without prejudice pursuant to Rule 41(b).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                Respectfully submitted,

                JULIET GRIFFIN
                United States Magistrate Judge